IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| FARMERS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 07-4117-CV-C-NKL |
| LYNN Z. REDFORD et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court is Plaintiff Farmers Insurance ("Farmers") Motion for Summary Judgment [Doc. # 26]. Because Defendants James and Jane Eddy (the "Eddys") stipulate to the facts set forth in Farmers' motion, it is GRANTED.

**I.      Facts**

The following facts are undisputed.[1] On or about October 12, 2004, Lynn Redford ("Redford") was involved in an automobile collision with a third party. Redford was driving a 1997 Dodge Avenger owned and insured by Ken Bledsoe under Farmers Policy No. 14 12828 81 75. Redford was driving with the permission of Julie Bledsoe, Ken Bledsoe's daughter; Jane Eddy was a passenger in the Avenger and sustained injuries in

---

[1] Because no defendant submitted a response to Farmers' motion for summary judgment, all statements of material fact cited in Farmers' motion for summary judgment and suggestions in support [Doc. #26] are deemed to be admitted.

1

the collision.  The Eddys filed suit against Redford in the Circuit Court of Camden County, Missouri, Case No. 06CM-CC00103 (the "Underlying Action") for Jane Eddy's injuries and James Eddy's loss of consortium and demanded payment from Farmers in the amount of $100,000 under the Policy.  Farmers brought this action for declaratory judgment, pursuant to Fed. R. Civ. P. 57 and U.S.C. § 2201, requesting that this Court declare that the "step-down" provision in Policy 14 12828 81 75 issued to Ken Bledsoe limits the amount of liability coverage available for unrelated permissive users of the insured vehicle to $25,000, the minimum required by the Missouri Motor Vehicle Financial Responsibility Law, RSMo 303.010 *et seq*.  Lynn Redford is unrelated to the named insured Ken Bledsoe by blood, marriage, or adoption.

## II.     Discussion

Ken Bledsoe and Lynn Redford never filed answers in the instant action and they are, therefore, deemed to have admitted to Farmers' averments.  Fed. R. Civ. P. 8(d); *Reconstruction Finance Corp. v. Marcum*, 100 F. Supp. 953 (W.D. Mo. 1951).  On December 10, 2007, the Eddys filed an Offer and Acceptance of Judgment declaring that the "step-down" provision in Policy 14 12828 81 75 "unambiguously provides at most $25,000 per person/$50,000 per occurrence liability coverage for Lynn Redford for their personal injury action pending against her in the Circuit Court of Camden County, Missouri, Case No. 06CM-CC00103 stemming from the October 12, 2004 motor vehicle accident."  The Eddys also stipulated that "Farmers Insurance Company, Inc. does not have a duty to indemnify Lynn Redford in the above-referenced state court action in an

2

amount greater than $25,000."

      Accordingly, the Court declares that:

1. The "step-down" provision in Policy 14 12828 81 75 issued to Defendant Ken Bledsoe is unambiguous and applicable to defendant Lynn Redford;

2. Pursuant to the "step-down" provision of Policy 14 12828 81 75, the Policy provides at most $25,000 per person liability coverage for Lynn Redford for the personal injury action pending against her in the Circuit Court of Camden County, Missouri, Case No. 06CM-CC00103.

                                  s/ Nanette K. Laughrey
                                  NANETTE K. LAUGHREY
                                  United States District Judge

Dated: December 12, 2007
Jefferson City, Missouri